Date signed February 25, 2011



PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| TELECONTINUITY, INC. | : | Case No. 10-12513PM |
| | : | Chapter 7 |
| Debtor | : | |
| -------------------------------- | : | |
| NOBSKA VENTURE PARTNERS I, LLP | : | |
| LOUIS M. MAYBERG | : | |
| Plaintiffs | : | |
| vs. | : | Adversary No. 10-0694PM |
| | : | |
| WWC CAPITAL FUND II, LP | : | |
| WWC FUND II, LP | : | |
| WWC FUND II, LP-A | : | |
| WWC TELECONTINUITY SPV, LP | : | |
| RONALD C. HAMMOND, JR. | : | |
| Defendants | : | |
| -------------------------------- | : | |

### MEMORANDUM OF DECISION

This two-count adversary proceeding came before the court for a hearing on the Defendants' Motion to Dismiss the Amended Complaint to Subordinate Liens and for Declaratory Relief. At the conclusion of the argument on January 20, 2011, the court announced its ruling that the Motion was granted. Upon further reflection, the court sua sponte withdrew the oral ruling by a notice filed January 24, 2011.

Plaintiffs seek two forms of relief. The first Count seeks a ruling, pursuant to 11 U.S.C. § 510(c), that the court subordinate the liens and claims of the Defendants to those of all other creditors. In the second Count, the Plaintiff Louis M. Mayberg ("Mayberg") seeks a ruling that a

certain subordination agreement that he executed on December 3, 2009, should be declared a nullity.

Defendants argue that, under principles of res judicata, collateral estoppel and the law of the case, this Complaint must be dismissed. Further, they argue that they acted in good faith throughout this matter by virtue of this court's entry of the Interim Consent Order Granting Debtor's Emergency Motion for Order Pursuant to Sections 363 and 364 of the Bankruptcy Code (A) Authorizing the Debtor to Obtain Debtor-in-Possession Financing, (B) Granting Security Interests and Super Priority Claims and Modifying the Automatic Stay, (C) Approving Agreement Relating to the Foregoing, (D) Granting Related Relief, and (E) Scheduling a Final Hearing on the Motion Pursuant to Bankruptcy Rule 4001(c) (the "Interim Consent Order") [D.E. No. 33]. Thus they assert that, because of 11 U.S.C. § 364(e), the provisions of the Interim Consent Order that bar subordination are unassailable.

The court will deal with the Counts in reverse order. Stated in its most basic terms, the second Count is an action by Mayberg seeking a ruling that an agreement he made prior to the filing of this bankruptcy case with non-debtor parties is a nullity. The court lacks subject matter jurisdiction over this claim. It is clearly not a core proceeding. The resolution of this dispute will have no impact on the bankruptcy estate itself. The action could exist independently outside of this bankruptcy case, as it does not involve a cause of action created or determined by a statutory provision of the Bankruptcy Code. *In re Ray*, 624 F.3d 1124, 1133-1134 (CA9 2010). Nor can the court find jurisdiction under 28 U.S.C. § 157(c) to decide this matter as being related to this case under the test enunciated in the case of *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 1002 n.11 (CA4 1996) (quoting *Pacor Inc. v. Higgins*, 743 F.2d 984, 994 (CA3 1984):

> An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*See In re Kirkland*, 600 F.3d 310, 316-317 (CA4 2010) (quoting *Valley Historic Ltd. Partnership v. Bank of New York*, 486 F.3d 831, 836-837 (CA4 2007)). A determination of this Count by this court would have no effect upon the amount of property available for distribution.

Defendants assert as well that they hold a mandatory counterclaim against Mayberg over which this court has no jurisdiction. The existence of such cause of action would mandate this court's abstention in the interest of justice from the exercise of jurisdiction over this count. 28 U.S.C. § 1334(c)(1).

As to Count I, Defendants argue that the Plaintiffs do not have standing to bring this action that seeks relief under 11 U.S.C. § 510(c) that provides:

**11 U.S.C. § 510. Subordination**

(c) Notwithstanding subsections (a) and (b) of this section, after notice and a hearing, the court may--

(1) under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest; or

(2) order that any lien securing such a subordinated claim be transferred to the estate.

The court finds to the contrary. *See In the Matter of Vitreous Steel Products Co.*, 911 F.2d 1223, 1231 (CA7 1990) ("[I]ndividual creditors have an interest in subordination separate and apart from the interests of the estate as a whole."). As was done here, a plaintiff must assert a particularized injury. *In re Elrod Holdings Corp.*, 392 B.R. 110, 114-115 (BC Del. 2008).

However, Defendants' primary grounds for their motion to dismiss the first Count are based upon the findings and ordered paragraphs of the Interim Consent Order entered February 19, 2010. However, that Order also provided in pertinent part:

(iii) the Court's order, pursuant to Bankruptcy Rule 4001, that an interim hearing (the "*Interim Hearing*") be held before this Court to consider entry of an interim order (the "*Interim Financing Order*") approving the post-petition financing facility on an interim basis and authorizing the Debtors to obtain, on an interim basis, the DIP Loans pursuant to the terms and conditions of this Interim Order and the DIP Credit agreement, and further requesting that a final hearing (the "*Final Financing Hearing*") thereafter be held before this Court to consider entry of a final order (the"*Final Financing Order*") authorizing, on a final basis, the financing contemplated by the DIP Credit Agreement, as set forth in the Motion.

By its terms, this Order was an Interim Order. No final order was entered, and interim orders may be subject to revision, particularly here in the face of allegations that the court must accept as true at this stage of the proceedings that Defendants were acting in bad faith and concealed their true intentions. *Cf. Kham & Nate's Shoes No. 2, Inc. v. First Bank of Whiting*, 908 F.2d 1351, 1356-1357 (CA7 1990).

Defendants urge that this Interim Consent Order represents the law of the case. As Judge

Gauvey points out in *Baron Fin. Corp. v. Natanzon*, 509 F.Supp. 2d 501, 519-520 (D. Md. 2007), the application of this doctrine is discretionary. The court declines to apply it here on a Fed. R. Civ. P. 12(b)(6) motion, particularly in light of the fact that the order relied upon is an interim order entered in the absence of litigation. *See In re Computer Learning Ctrs., Inc*. 407 F.3d 656, 660-661 (CA4 2005).

      An order will be entered in accordance with the foregoing.


cc:    All Parties
       All Counsel


**End of Memorandum**