Date signed November 01, 2011



PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| In Re: | : | |
| | : | Chapter 7 |
| TELECONTINUITY, INC. | : | Case No. 10-12513-PM |
| | : | |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| LOUIS M. MAYBERG and | : | Adversary Proceeding |
| NOBSKA VENTURE PARTNERS I, LP | : | 10-00694 |
| | : | |
| Plaintiffs and | : | |
| Defendants-in-Counterclaim | : | |
| | : | |
| v. | : | |
| | : | |
| WWC CAPITAL FUND II, LP, IN ITS CAPACITY AS | : | |
| COLLATERAL AGENT FOR WWC CAPITAL FUND II, | : | |
| L.P., WWC CAPITAL FUND II-A, L.P., WWC | : | |
| TELECONTINUITY SPV, LP AND | : | |
| RONALD C. HAMMOND; WWC FUND II, LP; | : | |
| WWC FUND II, LP-A; WWC TELECONTINUITY SPV, | : | |
| LP; and RONALD C. HAMMOND, JR. | : | |
| | : | |
| Defendants and | : | |
| Plaintiffs-in-Counterclaim | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

## MEMORANDUM OF DECISION

This proceeding comes before the court on the Motion To Dismiss Counterclaims filed by the above Defendants-in-Counterclaim. Plaintiffs-in-Counterclaim (the "WWC Parties") filed an opposition and the court heard the arguments of the parties, following which the Motion To

Dismiss was taken under advisement.

The court previously granted Defendants' Motion To Dismiss Count II of Plaintiffs' Amended Complaint ("Declaratory Judgment As To Rights of Louis Mayberg") due to lack of subject-matter jurisdiction. *See* Mem. Dec. entered February 28, 2011, concluding that the court lacks subject-matter jurisdiction where the action is between non-debtor parties, will have no impact on the bankruptcy estate, can exist independently outside of this bankruptcy case, and is likely to involve a counterclaim that would require the court's abstention. At that time, the court denied Defendants' argument for dismissal of Count I of the Amended Complaint ("Equitable Subordination"), in which Defendants asserted that Plaintiffs lacked standing and were judicially estopped from attacking Defendants' claims. *Id.*, concluding that Plaintiffs had standing to bring an equitable subordination claim under 11 U.S.C. §510(c) and that no 'law of the case' had been established such as would preclude Plaintiffs from bringing the action.

Subsequently, Defendants answered the remaining count of the Amended Complaint and added a four-count Counterclaim, essentially objecting to and seeking recharacterization of Plaintiffs' claims as equity rather than debt. Plaintiffs duly filed a Motion To Dismiss the Counterclaim.[1]

Two significant events have occurred since the commencement of this adversary proceeding: the underlying bankruptcy case was converted from Chapter 11 to a case under Chapter 7, and the Chapter 7 trustee (the "Trustee") requested approval pursuant to Fed.R.Bankr.P. 9019 of a settlement agreement resolving WWC's pre- and postpetition claims

---

[1]The claims that are the subject of this matter are as follows:
(1) Plaintiff/Defendant-in-Counterclaim Mayberg filed a secured claim in the amount of $2,983,561.41.
(2) Plaintiff/Defendant-in-Counterclaim Nobska filed an unsecured claim in the amount of $2,785,333.00 plus costs and attorneys fees.
(3) Defendant/Plaintiff-in-Counterclaim WWC allegedly has a prepetition secured claim in the amount of $237,241 and also filed a superpriority administrative secured claim in the amount of $443,108.85 based on a Chapter 11 DIP financing agreement approved by the court during the Chapter 11 case.
(4) Defendant/Plaintiff-in-Counterclaim Hammond filed an unsecured claim in the amount of $61,819.44, citing as a basis "Money loaned."

against the estate[2] (the "9019 Motion"). Plaintiffs/Defendants-in-Counterclaim objected to the 9019 Motion, alleging essentially the same factual predicate as that found in the Amended Complaint and Motion To Dismiss Counterclaims. After conducting a hearing on the 9019 Motion and taking the matter under advisement, the court granted the 9019 Motion as a reasonable exercise of the Trustee's business judgment. *See* October 24, 2011 Memorandum of Decision and Order on Motion To Approve Settlement of Controversy and Compromise of Claims Between The Estate and [the WWC Parties] (the "9019 Order"). This Order resulted in the assignment to the Trustee of the liens and claims of the WWC Parties and nets the estate $300,000.00 in unencumbered cash in consideration for the Trustee's release of the WWC Parties.[3] One effect of the assignment to the Trustee is the subordination of the WWC Parties' claims to all allowed claims.

      The conversion of this case to a case under Chapter 7 brought with it the introduction of the Trustee as an independent fiduciary for the estate. With the settlement approved by the court, the issues remaining in this adversary proceeding are in a posture that strains the court's jurisdictional limits. Being entirely between non-debtor parties, and not arising under the Bankruptcy Code, the proceeding can only be said to be one that distantly relates to the case, and is no longer pertinent to the administration of the estate. To the extent that the proceeding alleges actions that harmed the debtor, that cause of action has been released by the Trustee. In addition, the 9019 Order accomplishes the subordination sought by the Plaintiffs. The Counterclaims go to the classification of Plaintiffs' claims against the estate, also the province of the Trustee through the claims objection process. In the court's view, the balance of the claims between the parties does not necessarily affect the bankruptcy estate but are more in the nature of

---

[2] WWC made loans to the debtor prepetition and, with court approval, postpetition pursuant to a DIP Financing Agreement. The DIP Financing Agreement provided WWC with a superpriority lien to secure its postpetition loans, claimed in the amount of $443,108.85.

[3] The 9019 Order emphasizes that by definition of the court's exclusive jurisdiction, the court's authorization for the Trustee to proceed under the Stipulation of Settlement - and by extension the Trustee's power and authority thereunder - extends only to the property of the debtor as of the commencement of the case and the property of the estate, any other provisions of the Stipulation of Settlement notwithstanding. *See* 28 U.S.C. §1334(e)(1).

alternative avenues of relief for the parties in view of the demise and insolvency of the debtor. The court has no jurisdictional basis for adjudicating such claims.

For these reasons, the court shall abstain from hearing this adversary proceeding pursuant to 28 U.S.C. §1334(c)(1). The court has not issued any final orders in the proceeding - or in the main case - that should affect the parties' mutual claims and defenses. The parties are free to pursue each other outside of the very limited jurisdiction of this court. As with the 9019 Order, nothing herein shall be construed to extend the court's pronouncements beyond the reach of the court's jurisdiction. The court will enter an appropriate order.

cc:     Counsel to Plaintiffs and Defendants-in-Counterclaim
        Counsel to Defendants and Plaintiffs-in-Counterclaim
        Chapter 7 Trustee

**END OF DECISION**